[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action for dissolution of marriage by writ, summons and complaint of the plaintiff, Marion M. Martin was instituted on August 18, 1990, against the defendant, Raymond C. Martin.
After hearing duly held, based on a preponderance of the credible, relevant and admissible evidence, the court finds, concludes and rules as follows:
The plaintiff, whose maiden name was Marion M. Dickerman married the defendant on January 6, 1968, in Brewster, New York.
Both the plaintiff and the defendant have resided continuously in the state of Connecticut one year next before the date of this complaint.
The plaintiff and the defendant have no minor children issue of this marriage and no other minor children have been born to the plaintiff since her marriage to the defendant.
No state or municipal agency is assisting either party to this action in any manner.
The plaintiff, 62 years of age, was born on October 30, 1929; the defendant, now 61, was born on January 6, 1931. The parties have been married for 24 years. To each, this is a second marriage.
Both parties are retired, each having had a long and productive career as employees of the Southern New England Telephone Company (SNET). Both are receiving pensions earned as employees of SNET. The plaintiff also receives Social Security payments as will the defendant.
The parties are joint owners of the marital home located at 89 Jepson Lane, South Meriden, Connecticut.
The defendant is a civil war buff and an avid collector of guns, rifles, military weapons and other military memorabilia. Also, he is a skilled craftsman who has expertly restored a 1964 Ford Mustang and a 1954 Military Jeep.
Since their marriage, both parties, at least in the early years, participated in amassing the collection and in events and shows pertinent to this interest.
The collection of guns and memorabilia have been appraised and testified to as having a values as follows: the antique fire arms collection, $56,600; the antique military collection CT Page 4414 consisting of knives, swords, helmets, etc., $12,851.00 and miscellaneous assorted related items at $2,000. The restored vehicles have been valued at $22,000 for the 1964 Ford Mustang and $13,000 for the 1954 Military Jeep.
About 10 years ago, the defendant engaged in an extra marital affair which he admitted to during testimony. In recent years the parties have grown farther apart, with the result that contact between them is burdened with stress. They have arrived at the point where communication between them is virtually impossible for any sustained period of time. The court cannot ascribe fault to either party; both being culpable.
The plaintiff has serious physical problems caused by acute diabetes which has resulted in several major surgical procedures. The defendant is in good health.
Both parties have been financially prudent and responsible, resulting in some accumulation of savings in addition to the collections.
The court found that the marriage had broken down irretrievably and granted a dissolution of marriage at the close of the trial on April 21, 1992.
In accordance with the standards set forth in Gen. Stat. Secs. 46b-81 and 46b-82, and guided by equitable considerations, the court fashions the following property distributions, financial orders and awards.
The defendant shall convey his interest in the marital home, located at 89 Jepson Lane, South Meriden, Conn. to the plaintiff to be her's free and clear of any claims by the defendant. The plaintiff shall be responsible for the first mortgage, real estate taxes, insurance, maintenance and any other charges against the realty, and shall hold harmless the defendant from any liability therefrom. All furnishings and personal property located in the marital home, except as otherwise distributed herein, shall be the property of the plaintiff.
The defendant shall pay to the plaintiff as periodic alimony the sum of $1.00 per year.
The defendant shall convey his interest in the following joint assets of the parties to the plaintiff:
(1) Putnam High Income Government Trust fund in the amount of approximately $7,458.00 CT Page 4415
(2) Seventy (70) shares of jointly owned SNET stock valued at approximately $2,240.00
(3) Hartford Telephone Employees FCU savings and checking accounts of about $807.00
(4) One-half (1/2) of the escrow account, now administered by the defendants' attorney, in the approximate amount of $18,000.00 (all principal and interest to be divided evenly).
The defendant shall continue to maintain the plaintiff as beneficiary under his existing life insurance policy.
There is set out to the defendant, free and clear of claims by the plaintiff, the following:
(1) The military fire arms collection appraised at $56,000.00
(2) The military hardware and knife collection appraised at $12,850.00
(3) All other military and historical items of any nature related to the collection
(4) The restored 1964 classic Ford Mustang appraised at $22,000.00
(5) The restored 1954 Military Jeep appraised at $13,000.00
(6) One hundred and seventy-two shares of SNET stock valued at $5,504.00
(7) The television set, VCR and other personal effects located in the marital home.
The 1985, Buick automobile shall be the property of the plaintiff and the 1984 Jeep Wagoneer shall be the property of the defendant, both free and clear of any claims of the other.
All other bank accounts, IRA's and/or trust funds held individually in their names shall be theirs free and clear of any claims of the other.
The parties shall be solely responsible for their own debts; the plaintiff as shown on her affidavit. CT Page 4416
The parties shall execute all documents required to effectuate the aforesaid distributions and awards.
Each party shall bear their own costs and counsel fees.
The marriage is dissolved as of April 21, 1992 and the distribution and awards enunciated herein are effective forthwith.
SPALLONE STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
MICHAEL KOKOSZKA, CHIEF CLERK